PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLLIN F. ENGLER, | ) | |
| | ) | CASE NO. 1:22–CV–01066 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN KEITH J. FOLEY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 1, 9, & 10] |

Pending before the Court is Petitioner's application for a writ of *habeas corpus* under §
2254.  ECF No. 1; *see* 28 U.S.C. 2254(a).  The petition was assigned to a magistrate judge, who
issued a Report and Recommendation ("R&R") dismissing the application and denying the
request for an evidentiary hearing.  ECF No. 9.  Petitioner timely filed an objection to that report
and its recommendations.  ECF No. 10.

For the reasons herein, Petitioner's objections are overruled, the magistrate judge's R&R
is adopted, Petitioner's request for an evidentiary hearing is denied, and Petitioner's application
for a writ of *habeas corpus* is dismissed or, in the alternative, denied for failure to exhaust his
remedies in state court as required by law.  ECF Nos. 1 , 9, & 10.

**I. BACKGROUND**

***A. The Parties***

Petitioner Collin F. Engler is an incarcerated adult at the Grafton Correctional Institution
(GCI) in Grafton, Ohio.[1]  ECF No. 10 at PageID #: 911.  Respondent Keith J. Foley was warden
of GCI when Petitioner initiated this suit in June 2022.  ECF No. 1–2 at PageID #: 39.  The

---

[1] ID # A772–448.

(1:22–CV–01066)

current warden is Jerry Spatny.  *See* Ohio Dep't of Rehab. & Corr., Grafton Correctional Institution.  Under Federal Rule of Civil Procedure 25(d), "an action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party."  Fed R. Civ. P. 25(d).  Accordingly, Warden Spatny is substituted for Warden Foley as Respondent.

### B. Factual History

On April 21, 2019, the Eastlake Police Department responded to a motorcycle accident at the corner of Vine and East 359th Streets in in Eastlake, Ohio.  ECF No. 6–1 at PageID #: 123. Upon arrival, the officers found Abbigayl Forman lying in the road with severe head trauma and pooling blood.  ECF No. 6–1 at PageID #: 123.  A bystanding nurse attempted to stabilize Ms. Forman and treat her injuries.  ECF No. 6–1 at PageID #: 314.  Simultaneously, Petitioner identified himself to the officers as the downed motorcycle's driver and Ms. Forman's boyfriend. ECF No. 6–1 at PageID #: 315.  He told the officers he had been riding on the motorcycle with Ms. Forman when another automobile cut them off, causing the accident.  ECF No. 6–1 at PageID #: 315.  Petitioner's speech was slurred, and officers detected a strong odor of alcohol on him.  ECF No. 6–1 at PageID #: 315.  He denied that he was intoxicated, insisting he was simply *en route* from work to meet friends with Ms. Forman.  ECF No. 6–1 at PageID #: 315.  Petitioner declined medical treatment and displayed no visible injuries.  ECF No. 6–1 at PageID #: 315.

When the officers asked Petitioner to submit to a breathalyzer test for alcohol intoxication, he refused.  ECF No. 6–1 at PageID #: 123.  He was subsequently arrested for operating a vehicle while intoxicated (OVI) and transported to the Eastlake police station.  ECF No. 6–1 at PageID #: 315.  After a 20–minute observation period in custody, Petitioner

2

(1:22–CV–01066)

consented to a breathalyzer test that revealed a blood alcohol concentration of 0.158, nearly twice the legal limit of 0.08.  ECF No. 6–1 at PageID #: 124.  Elsewhere, Ms. Forman was transported by helicopter to the hospital, where she was pronounced dead.  ECF No. 6–1 at PageID #: 314.

### C. Procedural History

#### 1. Petitioner is indicted on multiple criminal charges in Lake County, Ohio.

On October 16, 2019, Petitioner was indicted by a grand jury in Lake County, Ohio on eight criminal counts: (1) OVI, a first-degree misdemeanor in violation of § 4511.19(A)(1)(a); (2) OVI, a first-degree misdemeanor in violation of § 4511.19(A)(1)(d); (3) aggravated vehicular homicide, a second-degree felony  in violation of § 2903.06(A)(1)(a); (4) aggravated vehicular homicide, a second-degree felony in violation of § 2903.06(A)(1)(d); (5) aggravated vehicular homicide, a third-degree felony in violation of §2903.06(A)(2); and (6), (7), (8) involuntary manslaughter, a third-degree felony in violation of § 2903.04(B).  *See* Ohio Rev. Code §§ 4511.19(A)(1)(a) & (d); 2903.06(A)(1)(a), (1)(d) & (2), 2903.04(B) (2025).  He pleaded not guilty to all eight counts.  ECF No. 6–1 at PageID ##: 10–11.

#### 2. Petitioner files motions to suppress evidence and later changes his plea, resulting in conviction and incarceration.

On January 9, 2019, Petitioner filed an evidentiary motion and motion *in limine* seeking to suppress: (1) the observations and opinions of the officers that stopped, observed, arrested, and tested Petitioner's intoxication; (2) objects seized from Petitioner's motorcycle; and (3) statements made by Petitioner.  ECF No. 6–1 at PageID ##: 13–21.  He argued, *inter alia*, that the officers lacked probable cause to arrest him without a warrant, and that evidence was obtained in violation of the Fourth and Fifth Amendments to the United States Constitution.

3

(1:22–CV–01066)

ECF No. 6–1 at PageID ##: 13–14; *see* U.S. Const. amends. IV, V.  Petitioner also moved to suppress the breathalyzer test results, contending that: (1) the state failed to "substantially comply" with Ohio Department of Health procedures; (2) the breathalyzer was scientifically unreliable; and (3) the breathalyzer was improperly maintained and therefore not in requisite working order.  ECF No. 6–1 at PageID ##: 23–45.  On January 25, 2019, the state filed a response in opposition to Petitioner's motions.  ECF No. 6–1 at PageID ##: 47–60 & 315.

The state trial court held two hearings on Petitioner's motions.  ECF Nos. 6–1 at PageID #: 63, 6–2, 6–3, & 6–4.  During the second hearing, Petitioner withdrew his Fourth and Fifth Amendment motions to suppress and pursued only the motion to suppress the breathalyzer results.  ECF Nos. 6–1 at PageID #: 61, 6–4 at PageID ##: 5–13 & 77.  The state trial court denied the motion.  ECF No. 6–1 at PageID ##: 62–82.  On February 6, 2020, Petitioner withdrew his not guilty plea and reentered *nolo contendere*.  ECF No. 6–1 at PageID ##: 84–88 & 205.  The state trial court accepted that plea and sentenced Petitioner to six months incarceration (on count one) and eight years incarceration (on count three) running concurrently for a total of eight years in state prison.  ECF No. 6–1 at PageID #: 94.  Defendant entered incarceration at GCI on March 26, 2020, where he remains today.

### 3. Petitioner appealed his conviction and sentence, challenging the denial of his suppression motion and the trial court's sentencing decisions; the state appellate court affirmed.

On April 20, 2020, Petitioner filed a notice of appeal in state appellate court contesting the denial of his motion to suppress the breathalyzer results and his corresponding criminal sentence.  ECF No. 6–1 at PageID ##: 98–101.  In his first assignment of error, he claimed the state trial court: (1) erred in finding that the Ohio Department of Health "substantially complied" with § 3701-53-04(B) despite the department's failure to remove the breathalyzer after "out of

4

(1:22–CV–01066)

tolerance" alerts; (2) erred in determining "substantial compliance" with § 3701-53-04 when the Eastlake Police Department failed to maintain service and repair records for the breathalyzer; (3) erred in concluding that the breathalyzer's dry gas standard was properly traceable to the National Institute of Standards and Technology and thus in "substantial compliance" with § 3701-53-04; and (4) abused its discretion by conducting independent research to assess the breathalyzer's compliance and using that research in denying Petitioner's motion to suppress. ECF No. 6–1 at PageID ##: 104–09; *see* Ohio Admin. Code § 3701-53-04 (2025).

In his second assignment of error, Petitioner claimed the state trial court erred by: (1) imposing an eight-year maximum sentence for aggravated vehicular homicide without considering the purposes of felony sentencing under § 2929.11; and (2) imposing the eight-year sentence without making a required finding under § 2929.14(C). ECF No. 6–1 at PageID ##: 112–35; *see* Ohio Rev. Code §§ 2929.11 & .14 (2025). In his third assignment of error, Petitioner claimed the state trial court abused its discretion in imposing a 180-day jail term for OVI without considering the purposes of misdemeanor sentencing under § 2929.21 and relevant sentencing factors under § 2929.22. ECF No. 6–1 at PageID ##: 112–35; *see* Ohio Rev. Code §§ 2929.21 & .22 (2025). The State filed a brief in response, and Petitioner replied in turn. ECF No. 6–1 at PageID ##: 146–78 & 180–93. The state appellate court affirmed the state trial court's judgment and denied Petitioner's appeal. ECF No. 6–1 at PageID ##: 195–216.

### 4. Petitioner sought review in the Supreme Court of Ohio challenging the breathalyzer evidence; the court declined to hear the case.

On April 30, 2021, Petitioner filed a notice of appeal to the Supreme Court of Ohio arguing that the state trial state court should have considered the totality of the circumstances when determining whether: (1) the State had shown substantial compliance with chemical testing

5

(1:22–CV–01066)

regulations; (2) the breathalyzer was functioning properly; and (3) any breathalyzer machine issues were prejudicial to Petitioner.  ECF No. 6–1 at PageID ##: 229–37.  The State filed a memorandum in response to the appeal.  ECF No. 6–1 at PageID ##: 265–83.  On June 22, 2021, the Supreme Court of Ohio declined *certiorari*.  ECF No. 6–1 at PageID #: 311.

### *5. Petitioner Seeks Habeas Relief in Federal Court*

Petitioner applied for a writ of *habeas corpus* under § 2254 on June 17, 2022.  ECF No. 1; *see* 28 U.S.C. § 2254(a).  He articulates a single claim for relief: that the state trial court erred to his prejudice in denying his motion to suppress the breathalyzer test results.  ECF No. 1 at PageID #: 5.  In a contemporaneous memorandum, he elaborates that:

> Petitioner's due process rights were violated when the state courts failed to consider the totality of the circumstances when determining whether the state of Ohio met its burden of showing substantial compliance with chemical testing regulations prescribed by the Ohio Department of Health, whether a breath test machine is considered to be in working order at the time of a subject's breath test, and ultimately, whether in light of the challenges raised, the individual was prejudiced by the issues regarding the specific machine.

ECF No. 1 at PageID #: 22 (citation modified).  Petitioner asks the Court to grant a writ of *habeas corpus* to release him from incarceration or, in the alternative, to order a new evidentiary hearing to assess the breathalyzer test's admissibility.  ECF No. 1 at PageID #: 36.

The *habeas* petition was assigned to a magistrate judge pursuant to Local Rule 72.2.  *See Engler v. Foley*, No. 1:22-CV-01066 (N.D. Ohio filed Jun. 17, 2022) (docket entry); *see* Local Civil Rule 72.2 (N.D. Ohio).  The magistrate judge ordered Respondent to submit a return of writ, which he timely filed on January 3, 2023.  ECF Nos. 4 & 6.  Petitioner entered a traverse to the return.  ECF No. 8.  On May 21, 2025, the magistrate judge entered a R&R advising that the Court should dismiss the *habeas* petition and deny Petitioner's request for an evidentiary

6

(1:22–CV–01066)

hearing.  ECF No. 9.  A copy of that report was promptly mailed to Petitioner at GCI.  *See*

*Engler*, No. 1:22-CV-01066 (N.D. Ohio) (docket entry).  On June 9, 2025, Petitioner entered his

objections to the report and recommendation.  ECF No. 10.  Those objections and the original

*habeas* petition are now before the Court.

## II. STANDARD OF LAW

### A. Habeas petitions under § 2254 permit federal court review of alleged constitutional violations and unreasonable determinations.

In plain terms, a writ of *habeas corpus* orders a jailer to bring an incarcerated person (the

"petitioner") before a judge to determine whether that person is improperly imprisoned.  *See*

*Boumediene v. Bush*, 553 U.S. 723, 725 (2008).  If detention violates the Constitution, federal

law, or federal treaty, the petitioner is entitled to have a district court issue a *writ* (written order)

of *habeas corpus* ("you have the body") to the jailer—typically a warden—compelling that legal

justification for the confinement be provided.  *See* 28 U.S.C. §§ 2241(c)(3), 2254(a).  The

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the statutory

framework for *habeas* review in federal courts.  *See* 28 U.S.C. §§ 2241–2256.

A petition under § 2254 of AEDPA challenges the fairness of state court proceedings and

state deprivations of individual liberty.  *See Brown v. Allen*, 344 U.S. 443, 457, 73 S. Ct. 397,

407, 97 L. Ed. 469 (1953); *see Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003).  Under §

2254(d), a writ may not be granted for an incarcerated person in state detention unless the state

court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

7

(1:22–CV–01066)

28 U.S.C. § 2254(d)(1)-(2); *see Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000).  A federal court may not issue a writ solely "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  Rather, it must defer to state court rulings and factual determinations, as those courts are authoritative on state-law issues.  *See Estelle v. McGuire*, 502 U.S. 62, 63 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("a violation of state law is not cognizable in federal habeas unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution") (citation modified).

### B. A magistrate judge may issue an R&R, which a district court reviews de novo upon timely and specific objections.

Upon receiving a petition for a writ of *habeas corpus*, a district court may designate a magistrate judge to conduct hearings (including evidentiary hearings) and submit proposed findings of fact and recommendations for post-trial relief.  *See* 28 U.S.C. 636(b)(1)(B), § 2254(a).  The magistrate judge assigned to review a § 2254 petition must file a proposed report and recommendation with the appointing district court and promptly mail a certified copy of that report to all parties in the action.  *See* 28 U.S.C. §§ 636(b)(1)(C), 2254.  After receiving the report, the parties have fourteen days to file their specific objections.  *See* Fed. R. Civ. P. 73(b)(2); *see id.*  Failure to file objections within fourteen days of service "shall constitute a waiver of subsequent review, absent a showing of good cause for such failure."  Local Civil Rule 72.3(b) (N.D. Ohio); *see* Fed. R. Civ. P. 72(b).

If a party enters timely objections, the district court reviews *de novo* only the portions of the report to which that party has *specifically* objected.  *See* 28 U.S.C. § 636(b)(1)(C*); *see* Fed.

8

(1:22–CV–01066)

R. Civ. P. 72(b)(2), (3).  Objections cannot not be vague or general; they must direct the district court's attention to a particularized issue of contention.  *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute").  The district court's role "is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it." *Thomas v. May*, No. 5:20-CV-2628, 2025 WL 957237, at *4 (N.D. Ohio Mar. 31, 2025).  Upon reviewing the report and any corresponding objections, the district court may accept, reject, or modify the recommended disposition, receive further evidence, or return the report to the magistrate judge with clarifying instructions.  *See* 28 U.S.C. § 636(b)(1)(C).  Absent objection, the district court can adopt the report and recommendation without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991).

Objections "must be specific in order to trigger *de novo* review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2) (citation modified).  "An objection that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)) (citation modified).  "A party disappointed with the magistrate judge's recommendation has a duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)) (citation modified).  A vague objection to the entire report that

(1:22–CV–01066)

"attempts to support [a] general objection with an exact recitation of arguments that were previously raised before the magistrate judge" does not meet the specificity requirement that triggers the district court's obligation to perform *de novo* review.  *Potter*, 2020 WL at *2 (citation modified).

### C. Arguments Presented

The magistrate judge's report recommends the petition for a writ of *habeas corpus* be dismissed and the request for an evidentiary hearing denied because: (1) Petitioner did not assert a federal due process claim on either direct appeal or to the Supreme Court of Ohio; (2) the petition is not cognizable in federal *habeas* review because it seeks relief based on allegations of state law; (3) Petitioner failed to establish a due process violation warranting federal *habeas* relief; and (4) an evidentiary hearing is unwarranted because the record alone is sufficient to resolve Petitioner's claims.  ECF No. 9 at PageID ##: 899–909.

Petitioner's objections to the R&R are generalized, emphasizing only that he "strongly objects to this conclusion of law as a great miscarriage of justice has occurred herein."  ECF No. 10 at PageID #: 913.  That said, *pro se* filings must be "liberally construed" and, no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer."  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (citation modified); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Applying this guidance, Petitioner has three reasonably identifiable contentions in his objection to the R&R: (1) that the state trial court violated Petitioner's Fifth Amendment right to due process by denying the motion to suppress the breathalyzer results; (2) that the state trial court denied Petitioner's Fifth Amendment right to due process by accepting his *nolo contendere*

(1:22–CV–01066)

plea; and (3) that ineffective assistance of counsel in violation of the Sixth Amendment led to his sentencing. ECF No. 10 at PageID ##: 913–25; *see* U.S. Const. amends. V, VI.

Although these three contentions are variations on themes espoused in the original *habeas* petition and not quite specific objections to the magistrate judge's R&R and, the Court reviews the objected–to provisions of the R&R *de novo*, keeping in mind Petitioner's *pro se* status and that "the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200 (1938) (*"*Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end").

### III. DISCUSSION

While Petitioner's objections to the report were timely made, all three fail as a matter of law because: (1) new claims raised for the first time in an objection are waived; (2) federal *habeas* relief is barred when claims were not fairly presented and exhausted before the state courts; (3) alleged state court evidentiary errors do not rise to constitutional violations; and (4) the state court rulings were reasonable and binding under § 2254.

#### A. Under the prison mailbox rule, Petitioner's objection was timely filed.

Incarcerated persons face challenging circumstances in federal litigation. They have neither the time nor the resources available to other litigants to monitor the processing and timing of their filings. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) ("Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse . . . to establish the date on which the court received the notice"). To mitigate these challenges, a *pro se* filing sent by an incarcerated person from a correctional institution is deemed "filed" when it is passed to prison

11

(1:22–CV–01066)

staff for mailing under the prison mailbox rule.  *See Cretacci v. Call*, 988 F.3d 860, 867 (6th Cir. 2021) (holding that "in the context of filing civil complaints in federal court, the prison mailbox rule applies only to prisoners who are not represented by counsel").

The magistrate judge submitted the R&R on May 21, 2025.  ECF No. 9.  A copy of the report was mailed to Petitioner at GCI that same day.  *See Engler*, No. 1:22-CV-01066 (docket entry)*.*  Petitioner had until June 4, 2025 to timely object to the report.  *See* Fed. R. Civ. P. 72(b); *see* Local Civil Rule 72.3(b) (N.D. Ohio).  Petitioner's objection entered the docket on June 9, 2025, five days after the cutoff.  ECF No. 10.  In that filing, however, Petitioner verified—under penalty of perjury—that he placed the objection in the prison mailing system on May 30, 2025. ECF No. 10 at PageID #: 926.  Additionally, the envelope carrying the objection bears a United States Postal Service "postage paid" date of June 3, 2025.  ECF No. 10–1.  Using either of these dates, rather than the untimely docket date, Petitioner's objection was filed before the June 9, 2025 cutoff.  The Court determines that Petitioner's "objection" was timely filed on May 30, 2025 at the moment it was delivered to prison authorities for forwarding to the clerk of court.

### B. Petitioner waived new constitutional claims by raising them for the first time in objection to the R&R rather than in the original petition.

Petitioner's § 2254 application contains only a single ground for relief: that his right to due process was violated when the state courts failed to consider whether Ohio's "substantial compliance with testing regulations and breathalyzer reliability prejudiced him.  ECF No. 1 at PageID #: 22; *see* 28 U.S.C. § 2254(a).  The objection before the Court now offers, for the first time, two additional arguments: (1) that the state trial court denied Petitioner's Fifth Amendment right to due process by accepting his *nolo contendere* plea; and (2) that Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment.  ECF No. 10 at PageID

(1:22–CV–01066)

##: 913–25.  While federal law allows *de novo* review of timely objections, it does not permit

Petitioner to raise new arguments or issues that were not presented to the magistrate judge.  *See*

28 U.S.C. § 636(b)(1)(C); *see United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing

*Marshall v. Chater,* 75 F.3d 1421, 1426–27 (10th Cir.1996) ("issues raised for the first time in

objections to magistrate judge's report and recommendation are deemed waived").

Consequently, the Court has discretion to deem Petitioner's two new claims waived if it

concludes they were not made in the original petition.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61,

75 (1996); *see Baldwin v. Reese*, 541 U.S. 27, 34 (2004).

Petitioner's original *habeas* application did not raise a constitutional claim of ineffective

assistance of counsel.  ECF No. 1.  While the traverse to the return of writ makes a passing

reference to the Sixth Amendment, the objection to the report and recommendation is the first

time Petitioner asserts that "due to misinformation" from counsel, he was "coerced into pleading

guilty."  ECF Nos. 8–1 at PageID #: 874, 10 at PageID #: 924.  Even construing Petitioner's

filings in a forgiving light, this claim is impermissible because it was first made in the objection

to the R&R.  Waiver, of course, does not always bar a district court from hearing a substantial

claim of ineffective assistance of counsel "if, in the initial-review collateral proceeding, there

was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1,

1320 (2012).  Such was not the case in Petitioner's state trial and appellate proceedings, nor does

the new Sixth Amendment claim contain any facts or law to support the conclusory statement

that his detention is the consequence of ineffective counsel.  ECF No. 6–1.  The same is true of

Petitioner's argument that the trial court denied his Fifth Amendment right to due process when

it accepted his *nolo contendere* plea, an argument that appears as a broad offshoot of his primary

due process claim concerning breathalyzer test admissibility.  ECF No. 10 at PageID #: 923.  The

13

(1:22–CV–01066)

nuances of this allegation are articulated for the first time in the objection to the R&R and found nowhere else in the record. ECF No. 10 at PageID #: 918.

Accordingly, the Court need not consider these arguments, as they were raised for the first time in Petitioner's objection and are therefore waived. *See United States v. Universal Mgmt. Servs., Inc. Corp.*, 191 F.3d 750, 759 (6th Cir.1999) (citing *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir.1986)); *see Murr v. United States*, 200 F.3d 895, 904 (6th Cir. 2000). Notwithstanding this waiver, however, the *habeas* petition still fails because Petitioner did not exhaust all available remedies in state court.

### C. Federal habeas relief is barred because Petitioner failed to fairly present a federal due process claim before the state courts, leaving such claims unexhausted and likely procedurally defaulted.

Under § 2254, a federal *habeas* petitioner must give the respective state courts a "fair opportunity" to apply controlling legal principles to the facts underlying a federal constitutional claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *see* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). Accordingly, a district court may not issue a writ unless the petitioner has exhausted all available remedies at the state level. *See* 28 U.S.C. §§ 2254(b)–(c); *see Anderson*, 459 U.S. at 6; *see Franklin v. Rose,* 811 F.2d 322, 324–25 (6th Cir.1987) ("federal courts do not have jurisdiction to consider a claim in a *habeas* petition that was not fairly presented to the state courts.")

To satisfy this exhaustion requirement, petitioners must present both facts and legal theories underpinning their claims. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987). Furthermore, those claims must be

14

(1:22–CV–01066)

clearly articulated as federal constitutional contentions, rather than those arising solely under state law. *See Baldwin v. Reese*, 541 U.S. 27, 29, 33-34 (2004). To determine whether a claim was "fairly presented" to the state courts sufficient to satisfy exhaustion, the Sixth Circuit considers whether the petitioner:

> (1) relied upon federal cases employing constitutional analysis;
>
> (2) relied upon state cases employing federal constitutional analysis;
>
> (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
>
> (4) alleged facts well within the mainstream of constitutional law.

*Nian v. Warden, N. C. Corr. Instn.*, 994 F.3d 746, 751 (6th Cir. 2021) (citing *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017)).

Here, Petitioner did not "fairly present" any federal due process claims on either direct appeal or in his application to the Supreme Court of Ohio. ECF No. 6–1. In the first instance, he argued only that the state trial court erred: (1) in finding the Ohio Department of Health complied with the Ohio Administrative Code; and (2) in sentencing Petitioner for aggravated vehicular homicide contrary to state sentencing guidelines. ECF No. 6–1 at PageID ##: 256–66. In the second instance, he argued only that the state trial court should have considered the totality of the circumstances in assessing the Ohio Department of Health's compliance with chemical testing regulations. ECF No. 6–1 at PageID ##: 297–310. Nothing in the record suggests that Petitioner made a discernible and particularized federal due process claim in state court, or that he exhausted such a claim in the requisite appellate chain. While due process is mentioned in passing in his motion to suppress the breathalyzer test, the argument itself was neither articulated nor expounded upon. ECF No. 6–1 at PageID ##: 103 & 117.

15

(1:22–CV–01066)

Even if the Court generously construes the record, "it does not suffice to only present the claim to a state trial court; rather, the petitioner must raise the claim in state court and pursue it through the state's ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (citation modified).  Thus, even if Petitioner raised a federal due process claim in state trial or appellate court, he abandoned that claim in his application to Supreme Court of Ohio, thereby waiving it for federal *habeas* review.  ECF No. 6–1, Ex. 17.  Section 2254 requires both factual bases and federal constitutional theories be fairly presented through the relative state court's ordinary appellate process. *See* 28 U.S.C. §§ 2254(b)–(c).  In the record before the Court, Petitioner made no such fair presentation.

Petitioner has failed to exhaust his remedies in state court as required by law.  Furthermore, a return to state court would likely be barred by Ohio's procedural rules, rendering Petitioner's claim procedurally defaulted. *See, e.g.*, *State v. Waddy*, 68 N.E.3d 381 (Ohio App. 10th Dist. 2016).  Notwithstanding this failure to exhaust, however, the *habeas* petition still fails because Petitioner's claims are not cognizable.

### D. Federal habeas relief is unavailable because alleged state court evidentiary errors are not cognizable absent a showing that they were so egregious as to deny fundamental fairness; Petitioner has made no such showing.

A district court sitting in federal *habeas* review may not reexamine state court determinations on state-law questions.  Rather, it is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68.  The Supreme Court has long recognized that "a mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (citation modified).  Accordingly, a "state appellate court's interpretation of its own law and evidentiary rules, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

16

(1:22–CV–01066)

corpus." *Chambers v. Artis*, No. 22-1247, 2022 WL 18542503, at *2 (6th Cir. Nov. 3, 2022)

(quoting *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)) (citation modified).

Generally, alleged errors in state evidentiary rulings are not cognizable in federal *habeas*

review. *See Collier v. Lafler,* 419 Fed. App'x 555, 558 (6th Cir.2011) (citing *Coleman v.

Mitchell,* 244 F.3d 533, 542 (6th Cir.2001)). Only a ruling that is "so egregious that it results in

a denial of fundamental fairness" can violate federal due process sufficient to warrant *habeas*

relief. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). As such, state court evidentiary

rulings do not violate federal due process unless they "offend some principle of justice so rooted

in the traditions and conscience of our people as to be ranked as fundamental." *Seymour v.

Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)

(citation modified). The Sixth Circuit categorizes infractions that violate this "fundamental

fairness" standard very narrowly (*e.g.*, only those that are "contrary to clearly established

Supreme Court precedent.") *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (citing *Wright

v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993).

To the extent Petitioner seeks relief based on an evidentiary ruling made in state court, he

has failed to state a cognizable claim upon which federal *habeas* relief may be granted. ECF No.

9 at PageID #: 907; *see Moreland v. Bradshaw,* 699 F.3d 908, 922 (6th Cir. 2012). Petitioner has

not shown that the ruling was so egregious that it constitutes a denial of "fundamental fairness."

*See Bugh*, 329 F.3d at 512. Even if the breathalyzer test was detrimental to Petitioner, the

Supreme Court rejects the argument that due process requires the exclusion of prejudicial

evidence in state courts. *See Spencer v. Texas*, 385 U.S. 554, 564 (1967). Federal courts are not

"rule-making organs for the promulgation of state rules of criminal procedure. And none of the

specific provisions of the Constitution ordain [them] with such authority." *Id.* at 648.

17

(1:22–CV–01066)

Because alleged errors in evidentiary rulings made by state courts are not cognizable on federal *habeas* review, Petitioner's claims and objection must be dismissed.  Notwithstanding this non-cognizability, however, the *habeas* petition still fails because Petitioner's claims fail on the merits.

### E. Federal habeas relief is unavailable because Petitioner has neither identified a violation of clearly established federal law nor rebutted the state court's factual findings with clear and convincing evidence, leaving those evidentiary rulings reasonable and binding.

Entitlement to federal *habeas* relief under § 2254 requires a petitioner to establish that a state court ruling was either: (a) "contrary to, or involved an unreasonable application of, clearly established federal law"; or (b) "based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)-(2) (citation modified); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  In the Sixth Circuit:

> A state court decision involves "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown that the state court's presumptively correct factual findings are rebutted by "clear and convincing evidence" and do not have support in the record. The presumption of correctness also applies to factual findings made by a state appellate court based on the trial record.

*Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *see* 28 U.S.C. § 2254(e)(1).  Factual determinations made in a state court are not unreasonable merely because a district court would have reached a different conclusion.  *See Burt v. Titlow*, 571 U.S. 12, 18 (2013).  A district court reviewing a *habeas* petition cannot second–guess state court decisions on matters of state law.  *See Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *see Gall v. Parker*, 231 F.3d 265, 303 (6th Cir.2000) ( holding that "principles of comity and finality" command federal courts sitting in *habeas* review to defer to state court interpretations of state law).

18

(1:22–CV–01066)

Petitioner does not clearly implicate any "clearly established federal law" that would preclude the state trial court's sentencing or denial of his motion to suppress.  Nor does he sufficiently rebut the factual determinations of the state trial or appellate courts by clear and convincing evidence.  His objection merely recast his original state law claims with a federal hue, including that: (1) the breathalyzer had multiple "out of tolerance" messages (ECF Nos. 1 at PageID ##: 26-28 & 8–1 at PageID #: 10); (2) the state did not maintain proper service records for the breathalyzer (ECF Nos. 1 at PageID ##: 28-33 & 8–1 at PageID ##: 10–11); and (3) the state did not comply with traceability regulations (ECF No. 10 at PageID ##: 34-35).  Federal habeas review is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for error correction at the state–level.  *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5(1979) (Stevens, J., concurring).  Petitioner has not shown that the state court's evidentiary ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

In clear terms, § 2254 bars relitigation of claims "adjudicated on the merits" in state court.  *See* 28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86 (2011).  Petitioner's claims do not qualify for either exception to that command.[2]  *See* 28 U.S.C. § 2254(d)(1)–(2).  The Court is bound by the state court's determination that Ohio, *inter alia*, "substantially complied with regulations."  ECF No. 6–1 at PageID ##: 135–55 (citation modified); *see State v.*

---

[2] (1) That the state court's decision contradicted or unreasonably applied clearly established Supreme Court law; or (2) that the state court's decision unreasonably determined the facts based on the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)–(2); *see supra* Part III.E.

(1:22–CV–01066)

*Engler*, No. 18-CR-000472 (Ohio Ct. Com. Pl. Lake Cnty. 2020).  Because Petitioner has failed

to demonstrate that those findings were either contrary to clearly established federal law or

unreasonably applied, the Court leaves them undisturbed.

### F. Petitioner is not entitled to an evidentiary hearing because the record alone sufficiently resolves his claims.

Petitioner requests an evidentiary hearing "so that the evidence can be presented in

person considering the serious nature of the charges for which [he] was convicted and

sentenced."  ECF No. 1 at PageID #: 36.  This request is conclusory in nature, as Petitioner has

neither identified what additional evidence might be elicited nor demonstrated that any such

evidence could not have been discovered through the ordinary exercise of due diligence.  *See* 28

U.S.C. § 2254(e)(2).  All contentions and objections at issue are adequately resolved by

reference to the state court record and the proceedings therein.  *See Schriro v. Landrigan*, 550

U.S. 465, 474 (2007) ("if the record refutes the applicant's factual allegations or otherwise

precludes habeas relief, a district court is not required to hold an evidentiary hearing"); *see*

*Cullen*, 563 U.S. at 183 (noting that "when the state-court record precludes habeas relief under

the limitations of § 2254(d), a district court is not required to hold an evidentiary hearing")

(citation modified).  In this case, an evidentiary hearing is neither required nor appropriate.

### IV. CONCLUSION

For the reasons above, Petitioner's objection to the report is overruled, the Report and

Recommendation is adopted, Petitioner's request for an evidentiary hearing is denied, and

Petitioner's application for a writ of *habeas corpus* is dismissed or, in the alternative, denied for

failure to exhaust his remedies in state court as required by law.  ECF Nos. 1 , 9, & 10.

20

(1:22–CV–01066)

The Court certifies that an appeal from this decision cannot be taken in good faith and that there is no basis on which to issue a certificate of appealability.  *See* 28 U.S.C. § 1915(a)(3); *see* 28 U.S.C. § 2253(c); *see* Fed. R. App. P. 22(b).


IT IS SO ORDERED.


September 24, 2025                                    */s/ Benita Y. Pears*on
Date                                                              Benita Y. Pearson
                                                                    United States District Judge


21